# CASES ADJUDGED

# SUPREME COURT

## STATE OF NEW YORK.

---

SAMUEL C. BOWEN, Respondent, *v.* ALBERT W. POWELL and
CHARLES GORDON, Appellants.

(GENERAL TERM, EIGHTH DISTRICT, FEBRUARY, 1869.)

The complaint averred a contract with I., as the defendants' agent; I. veri-
fied the answer, and recited in the affidavit of verification his agency for
the defendants in making the contract.—*Held*, the affidavit was inadmissi-
ble as evidence of I.'s agency in making the contract.

The defendants did not, by obtaining a standing in court, through I.'s verifi-
cation, become bound by the recitals in the affidavit, as having been
authorized or adopted by them.

APPEAL from judgment on report and decision of a referee.
The referee found that the defendants, early in October, 1865,
by their agent, or agents, agreed with the plaintiff to purchase
of him 1,000 barrels of apples, at the price of $5.70 a barrel.
The apples were, from time to time, delivered and accepted,
amounting in all to 1,047 barrels, and the referee decided
that the defendants were liable to pay the contract price for
all the apples delivered. He credited the amount paid and
found a balance of $833.76, including interest.

The defendants claimed that they purchased only 445 bar-
rels at $5.70 a barrel, and the remainder at $4.50 a barrel.

Numerous exceptions were taken by the defendants during the trial, and to the report and decision of the referee.

*Bowen & Pitts*, for the appellants.

*Sickles, Graves & Childs*, for the respondent.

Present—MARVIN, LAMONT and BARKER, JJ.

By the Court—MARVIN, P. J.   I think the judgment cannot be disturbed upon the ground that the material facts found were against evidence. The controlling facts were sharply litigated upon the trial, and there was evidence upon both sides.

The counsel for the defendants has presented in his points only a portion of the exceptions taken upon the trial.

The plaintiff claimed that the contract was made with Augustus M. Ives, as agent for the defendants. The answer of the defendants was verified by Ives. In the affidavit of verification, Ives says "he is the agent for the defendants in the matters out of which this cause of action, as claimed by the plaintiff, arose, and is acquainted with and has personal knowledge of all the material allegations contained in the defendants' answer. That as such agent he made the contracts upon which the apples in controversy were delivered. That he has heard read the foregoing answer, &c. The reason of his making the affidavit is that the defendants are non-residents of the county, and neither is present to make the same.

For the purpose of proving that Ives was the lawfully constituted agent of the defendants, the plaintiff's counsel offered to read in evidence this affidavit verifying the complaint. To this, a sufficiently specific objection was made. The referee overruled the objection and the defendants excepted. The affidavit was read. The referee erred in admitting this evidence. It was a fact to be established by the plaintiff that he made the contract with the defendants, or with some per-

son authorized by the defendants to enter into the contract for them.

The affidavit was not common law evidence. It was not competent evidence to prove the fact of agency. Upon the issue of agency, it was no more than the declaration of Ives that he was agent, and the declarations of the agent are never competent to prove the agency.

The authorities cited by counsel for plaintiff are not in point. In *Green* v. *Givan* (33 N. Y. R., 343, 367), the answer was put in evidence to prove certain admissions. This was the answer of a person who had since died and the action was revived and continued, and the point made was that the admissions made in the answer were not admissible against the defendants succeeding, and this was very properly overruled for the reason stated in the opinion. The case has no application to the present case.

In *Morrell* v. *Cawley* (17 Abbott, 76), it was the verification of the defendant that was read in evidence, to prove a fact stated in it. Of course, this was admissible simply as the declaration or confession of the defendant, and was common law evidence.

The difficulty is not overcome by the suggestion that the Code, § 157, authorizes the verification of a pleading to be made by an agent, and that the defendants, by the act of Ives, obtained a standing in court, and, therefore, they should be held to have adopted his act and to have admitted that all he stated was true. It would be dangerous to adopt this train of reasoning. It may be that, for the purposes of the action, it should be held that the defendants were bound by the act of verification. But the Code does not require that the agent who makes the verification should have had any connection with the facts out of which the action or defense arose. He may have a personal knowledge of all the material facts of the pleading, and still never have been an agent of the party until employed about the prosecution or defense of the action.

The proof of the agency of Ives was the verification of the

answer, and, thereupon, the plaintiff proceeded to examine witnesses as to conversations between the plaintiff and Ives, tending to prove a contract or contracts, and in this he erred.

Many objections were made and some exceptions were taken, but I do not deem it necessary to examine them here, as the cause must be again tried, and we are to assume that the rules of evidence will, upon such trial, be properly administered.

Judgment reversed and a new trial ordered, costs to abide event.